CLAY, Circuit Judge, concurring in part and dissenting in part. I concur in Parts I, II, and IV of the opinion and in the judgment. I .write separately because I believe that the majority improperly and unnecessarily redrafts the FLRA’s order in Part III of the opinion in lieu of enforcing the order as written.. In February 2014, the Michigan Army National Guard (the “Guard”) terminated two dual-status technicians for misconduct. Dual-status technicians are arguably military employees, 32 U.S.C. § 709(b)(2), as well as “[fjederal civilian employee[s]” who are “assigned to a civilian position.” 10 U.S.C. § 10216(a). The technicians appealed their' terminations through the internal administrative process, in which they were represented by the Laborer’s International Union of North America, Local 2132, AFL-CIO (the “Union”). In connection with their appeal, the Guard’s deputy general counsel sent a letter to the technicians’ union representative prohibiting “any and all communications with employees or representatives of [the Guard] regarding this matter” outside the presence of Guard counsel. The Federal Labor Relations Authority (“FLRA”) interpreted the letter to constitute a “complete and unqualified ban on communications” that “extended far beyond the scope of the internal administrative hearings concerning the technicians’ misconduct and prohibited private communications with all bargaining-unit employees, to include potential witnesses and even other bargaining-unit employees who may have been concerned about their own continued employment.” Michigan Army Nat’l Guard v. Laborer’s Int’l Union of N.A., Local 2132, AFL-CIO, 69 F.L.R.A. 393, 396, 397 (May 26, 2016) (emphasis in original). The FLRA concluded that the letter “tended to interfere with employees’ right under § 7102 to participate in union activities” and therefore held that it constituted an unfair labor practice in violation of § 7116(a)(1) of the Federal Service Labor-Management Relations Statute (“FSLMRS”), 6 U.S.C. §§ 7101-7136. Id. at 397. Accordingly, the FLRA ordered the Guard to cease and desist from prohibiting-private communications between bargaining unit employees and their union representatives and from otherwise interfering with, restraining, or coercing bargaining unit employees in the exercise of their rights as assured by the statute. The FLRA further ordered the Guard to post and electronically distribute a notice informing bargaining unit employees that the Guard had violated the FSLMRS and further informing them of their rights under the- statute. The Guard refused to comply. This matter comes before the Court upon the FLRA’s petition for enforcement of its order. The panel unanimously concludes in the majority opinion in this case that substantial evidence supports the FLRA’s determination that the Guard’s letter constituted a violation of the FSLMRS. That alone should end the case. All that this Court was asked to do is review the propriety of the FLRA’s grant of summary judgment in favor of the Union and then grant the petition to enforce the order accordingly. Nonetheless, the majority opinion goes further and rewrites the order so as to withstand further . scrutiny under the FLRA’s reasoning. This decision is, quite frankly, perplexing. Indeed, although the majority indicates that this Court has the “power” to modify the order pursuant to 5 U.S.C. § 7123(c), it offers no- justification for doing so other than that the Guard asked.[1] This case does not present a situation where the Court is obligated to draft a “savings construction” in order to salvage as much of the order as possible. And the majority does not explain under what circumstances it is appropriate or expeditious for us to do so. Certainly, we do not want the Court to take it upon itself to redraft orders without sufficient justification. But the majority does not explain what makes this case special, saying only that “a modification to the proposed order is required to conform it more precisely to the basis of the FLRA’s decision.” Even this. goes unexplained. Simply put, whatever circumstances might make it appropriate for the Court to rewrite such an order, the majority does not adequately explain why it thinks they are present here. The Guard created the problem giving rise to this litigation -by drafting a slapdash, blanket prohibition on all employee communications with the Union and refused every opportunity to narrow it; and there is no reason why the Court should assume the obligation of rewriting the order to accommodate a clearly unreasonable and avoidable violation of the law—rather than simply uphold the FLRA’s petition for enforcement of its order. For these reasons, I respectfully dissent from Part III of the opinion.